**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

MICHAEL ZABOROWSKI,                  :
                                     :
    Plaintiff,                       :
                                     :
v.                                   :
                                     :   CASE NO.: 7:26-CV-00182 (WLS)
PRINCE TELECOM LLC, *et al.*,        :
                                     :
    Defendants.                      :
                                     :

## ORDER

Before the Court is Plaintiff's Motion for Preservation Order and Emergency Injunction to Preserve Evidence (Doc. 2). Therein, Plaintiff moves under Federal Rule of Civil Procedure 65 for an order requiring Defendants to preserve all documents, electronically stored information, communications, and records relevant to Plaintiff's claims.

As background, Plaintiff Michael Zaborowski filed his Complaint (Doc. 1) against Prince Telecom LLC, Cavo Broadband Communications LLC, and Dycom Industries, Inc. on June 15, 2026. Plaintiff asserts various claims under Title VII, 42 U.S.C. § 1981, and state law arising from his employment with Defendant Prince Telecom. (*See* Doc. 1 at 6–9). On June 25, 2026, the Court denied Plaintiff's Motion to Proceed *In Forma Pauperis.* (Docs. 4 & 6). Plaintiff paid the filing fee and returned executed summonses as to all three Defendants. (Doc. 8). Defendants have not yet filed answers or responsive pleadings.

It is well-established that a party has the duty to preserve potentially relevant evidence in its possession once litigation is reasonably anticipated. *See Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1324 (S.D. Fla. 2010). A preservation order can be entered to ensure a party complies with its obligation, but courts do not routinely grant motions seeking a preservation order, absent a showing that such an order is necessary to assure a party's compliance. *Baker v. Medtronic, Inc.*, No. 3:05-CV-440-J-25, 2005 WL 8159709, at *1 (M.D. Fla. Sept. 13, 2005).

Here, Plaintiff has failed to show a reasonable basis to believe that Defendants are not complying with their obligation to preserve evidence. Plaintiff points to Defendants remotely locking and disabling his company-issued phone immediately after Plaintiff tendered his resignation to his supervisor, which he contends constitutes evidence destruction. (Doc. 2 at 2). The Court disagrees. Disabling a company-issued device upon an employee's resignation or termination is well within an employer's prerogative to manage access to its systems and information. *See, e.g., Hernandez v. King Ocean Servs. Ltd. (Cayman Islands) Inc.*, No. 20-24632-CIV, 2022 WL 2578652, at *9 n.10 (S.D. Fla. July 6, 2022) (noting that it is well within an employer's rights to limit an employee's access to the employer's electronic systems while the employee is on leave). Merely restricting Plaintiff's access to information contained on the device does not mean Defendants destroyed the evidence or show a basis for concluding that Defendants will not comply with their duty to preserve evidence. Plaintiff also points to Defendants' "prior pattern of misconduct" and "history of employment violations" related to wage and hour violations, which he contends establishes a substantial risk that evidence will not be preserved. (Doc. 2 at 3). But any alleged "wage and hour violations" in other cases is not evidence of a history of Defendants' noncompliance with the duty to preserve evidence and likewise does not provide a basis for the Court to conclude that a preservation order is necessary in this case. Therefore, because Plaintiff has failed to show that Defendants are not complying with their obligation or otherwise suggest a basis necessitating a preservation order, the Court finds neither an order of preservation nor injunctive relief appropriate, and Plaintiff's Motion is due to be denied.

In any event, Plaintiff's Motion is premature. The discovery process has not yet commenced, and the Court has the discretion to impose sanctions upon a party who abuses the discovery process by destroying material evidence in a case. *See, e.g., Flury v. DaimlerChrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). For these reasons, the Motion is **DENIED, without prejudice**.

**SO ORDERED**, this 24th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**